```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION

BARBARA RUSH,                    :
                                 :
      Plaintiff,                 :
                                 :
vs.                              :   CIVIL ACTION 06-0672-CG-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of                  :
Social Security,                 :
                                 :
      Defendant.                 :
```

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, with supporting Brief (Docs. 32, 33) and Defendant's Notice of Intent Not to Object to Plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 34). After consideration of the pertinent pleadings, it is recommended that the Motion be granted, without objection, and that Plaintiff's attorney be awarded an EAJA fee in the amount of $2,437.50 and costs in the amount of $350.00 for a total fee and expenses in the amount of $2,787.50.

Plaintiff filed this action on October 17, 2006 (Doc. 1). By Order and Judgment entered September 20, 2007, Chief Judge Granade reversed the decision of the ALJ, remanded this action to the Commissioner for further proceedings consistent with the Orders of this Court, and entered judgment in favor of Plaintiff and against Defendant (Docs. 30 and 31).  On December 19, 2007,

Georgia H. Ludlum, counsel for Plaintiff, filed a Motion for Attorney Fees and Costs Under the Equal Access to Justice Act with supporting Brief, in which Plaintiff's counsel requests a fee of $2,437.50, computed at an hourly rate of $125.00 for 19.5 hours spent in this Court (Docs. 32, 33).  Plaintiff's counsel also requests costs in the amount of $350.00 for the filing fee. Defendant in the Notice of No Objection filed December 20, 2007, stated that he has no objection to the requested fee and costs (Doc. 34).

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

Defendant concedes that Plaintiff became the prevailing

2

party when the Court remanded this action, <u>Schaefer</u>, 113 S.Ct. at 2631; that the fee application was timely filed; and that Defendant's position was not substantially justified (Doc. 34).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" <u>Watford v. Heckler</u>, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting <u>Hensley v. Eckerhartt</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended" ....  Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant

3

to statutory authority.

<u>Hensley</u>, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  <u>Norman v. Housing Authority</u>, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action before this Court for a total of 19.5 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be

4

applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation."  ...  The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward...to take into account an increase in
> the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The

applicant bears the burden of producing satisfactory evidence

that the requested rate is in line with prevailing market rates.

NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

Satisfactory evidence at a minimum is more than the affidavit of

the attorney performing the work.  Blum v. Stenson, 465 U.S. 886,

104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed

seem expanded or there is lack of documentation or testimony in

support, the court may make an award on its own experience.

Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.

1988).  Where documentation is inadequate, the court is not

relieved of its obligation to award a reasonable fee, but the

court traditionally has had the power to make such an award

without the need of further pleadings or an evidentiary hearing.

Id.

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to
$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp.
1997).

For many years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.  See Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Because the requested rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the Meyer case.  Multiplying the 19.5 hours by the requested statutory rate of $125.00 results in a fee of $2,437.50.

In conclusion, it is recommended that Plaintiff's Motion be granted, without objection, as set out above and that Plaintiff's attorney be awarded an EAJA attorney's fee in the amount of $2,437.50 plus costs in the amount of $350.00 for a total fee and costs in the amount of $2,787.50.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of February, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE